[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15207
Non-Argument Calendar
_____

D. C. Docket No. 04-00048-CV-4-SPM-AK

ANTHONY KOZUH,

Plaintiff-Appellant,

versus

NICHOLS, RN,
STONE, Nurse, RN,
JO MORGAN, SHSA,
BEASLEY, Mrs.,
Classification,
SLOANE, Mr.,
Classification, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 22, 2006)**

Before TJOFLAT, ANDERSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Anthony Kozuh, a Florida state prisoner proceeding pro se, appeals the district court's dismissal of his civil rights complaint, 42 U.S.C. § 1983, for failure to exhaust administrative remedies, 42 U.S.C. § 1997e. After a thorough review of the record, we affirm.

Kozuh filed a pro se complaint under § 1983 against Santa Rosa Correctional Facility Warden Petrovsky,[1] SHSA Morgan, Nurses Nichols and Stone, Classification Officers Beasley and Sloane, Captains Dicks and Burnham, and Officers Knight and Stein, all in their individual capacities, alleging four incidents of deliberate indifference to his medical needs in violation of the Eighth Amendment. The allegations of deliberate indifference involved treatment for Kozuh's hernia and follow-up care after Kozuh received surgery.[2]

As evidence that he exhausted the grievance process, Kozuh submitted the following: In February 2003, Kozuh filed an informal grievance with the medical department regarding his treatment. He submitted this grievance to Dr. Thayer at North Florida Reception Center ("NRFC"), where Kozuh was admitted for medical

---

[1] In his complaint, Kozuh named John Doe as the warden. The court later substituted Petrovsky as the named party.

[2] It does not appear that Officer Stein or Captain Burnham received service of the complaint.

2

care. Thayer denied the grievance because it contained allegations of conduct at Santa Rosa, and instructed Kozuh to bring his grievance to the warden or the inspector general's office. This denial also included information instructing Kozuh that he could file a formal grievance or an appeal.[3]

In March 2003, Kozuh filed a request seeking to determine what authority a nurse had to override a doctor's order, and asking to be returned to medical for proper care. The grievance was denied because Kozuh did not follow proper procedure in filing the grievance.

Also in March 2003, Kozuh filed another informal grievance with the medical department for "§ 1983 pre-emption." This grievance was again submitted to staff at NFRC and pertained to allegations against the staff at Santa Rosa. The grievance was denied. Kozuh immediately filed two other grievances at NFRC making allegations against the staff at Santa Rosa. Thayer again denied the grievances and informed Kozuh that he should raise his issues with the classification officer and the inspector general.

In May 2003, Kozuh filed a request with quality control and risk management to ensure proper medical care upon return to Santa Rosa. He was informed that he would not be returning to Santa Rosa. Kozuh followed up with

---

[3] Each grievance denial contained the same information concerning the right to appeal.

another request and was told to address his concerns with the staff at his new facility.

That same month, Kozuh filed an informal grievance, which he entitled "final instit. step." In this filing, Kozuh requested assistance in getting a response from the classification officer regarding an April 2003 request. In response, Kozuh was informed that the questions and requests he filed would not qualify as grievances for exhaustion purposes.

Kozuh then filed an informal grievance with the classification department as an "exact copy" of the request sent in April. In response, Kozuh was instructed to address his issues with the medical department and the inspector general's office.

In September 2003, Kozuh submitted a grievance to the Secretary of the Florida Department of Corrections ("DOC") regarding the deliberate indifference at Santa Rosa and the lack of response to his complaints. In response, Kozuh was told that it was necessary to file a formal grievance at the institutional level, and that his grievance was not of a sensitive nature that would enable him to by-pass the procedure. Kozuh then filed a "summary notice" directed to the state attorney general's office and the Florida Department of Law Enforcement ("FDLE"). In October 2003, he submitted a grievance to the warden, which was denied because it involved personnel at another institution.

The defendants moved to dismiss the complaint for failure to exhaust administrative remedies under § 1997e(a) because Kozuh had not followed the three-step grievance process or the two-step process applicable to medical complaints.

Kozuh responded that he had done everything he could do to exhaust. He indicated that he had filed grievances as instructed by staff, but that he received no responses. He also alleged that his records and legal documents were destroyed.

The magistrate judge recommended that the complaint be dismissed for failure to exhaust. After reviewing the grievances, the magistrate judge noted that Kozuh had not perfected his appeal to the highest level. Finally, the magistrate judge noted that the court could not consider the adequacy or futility of the grievance process, as long as the process was available.

Kozuh objected to the recommendation, contending that he had gone above and beyond the exhaustion requirements, and that he was "thwarted" when officials refused to respond to his grievances, leaving the grievance procedure unavailable. The district court adopted the magistrate judge's recommendation over Kozuh's objections and dismissed the complaint.

On appeal, Kozuh asserts that he exhausted remedies above and beyond what was required, and that the failure of prison officials to respond to his

5

grievances rendered the process exhausted. He further asserts that the grievance procedure was not available to him because his legal material was destroyed, and his grievances were ignored, which precludes the defendants from arguing failure to exhaust.[4]

We review de novo a district court's interpretation and application of 42 U.S.C. § 1997e(a)'s exhaustion requirement. Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir.), petition for cert. filed, (Sept. 8, 2005) (No. 05-6336); Higginbottom v. Carter, 223 F.3d 1259, 1260 (11th Cir. 2000); Alexander v. Hawk 159 F.3d 1321, 1323 (11th Cir. 1998). The failure to exhaust administrative remedies requires that the action be dismissed. Chandler v. Crosby, 379 F.3d 1278, 1286 (11th Cir. 2004).

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege

---

[4] Kozuh also argues, for the first time, that the Secretary withheld evidence of prison officials' misconduct and he requests that the court conduct a hearing to determine the availability of the grievance process.

excessive force or some other wrong," and mandates strict exhaustion. Johnson, 418 F.3d at 1155; Booth v. Churner, 532 U.S. 731, 741 n.6, 121 S.Ct. 1819, 1825 n.6, 149 L.Ed.2d 958 (2001).

In Florida, the grievance process consists of a three-step procedure. An inmate must first file an "informal grievance . . . to the staff member who is responsible in the particular area of the problem." Fla. Admin. Code Ann. § 33-103.005(1). The second step requires the inmate file a formal grievance with the warden. Id. § 33-103.006(1)(a). If the inmate is unsuccessful at this point, he may submit an appeal to the Secretary of the DOC. Id. § 33-103.007.[5]

Medical grievances require only a two-step procedure: the inmate must file a formal grievance at the institutional level with the chief health officer. If the inmate is unsuccessful, he may file an appeal with the Secretary. Id. § 33-103.008.

Here, the record is devoid of any evidence that Kozuh raised his issues in informal grievances, formal grievances and appeals. Although Kozuh argues, and the record reflects, that he submitted his complaints multiple times to multiple authorities, all he was required to do was either (a) submit his complaints to the

---

[5] To file an informal grievance, the inmate must use form DC6-236. 33-103.005(2). Asking a question or requesting information does not qualify as an informal grievance. Id. § 33-103.005(2)(b)(1). A formal grievance requires the use of Form DC1-303. Id. § 103.006(1). In the case of an emergency grievance, a grievance of reprisal, or a grievance involving sensitive material, the inmate may file the grievance directly with the Secretary. Id. § 33-103.007(6).

medical staff, the warden, and then appeal to the Secretary, or (b) in the case of medical grievances, to the medical department followed by an appeal to the Secretary. There is no evidence, however, that he followed these steps. In fact, most of the forms submitted indicate on their face that they were requests for information, questions, or informal grievances. And although each denial explains the right to appeal, it does not appear that Kozuh ever exercised that right in connection with these complaints. Moreover, submitting complaints to the wrong parties - the FDLE and the attorney general's office - does not constitute exhaustion. See Johnson, 418 F.3d at 1157.

Furthermore, despite his arguments to the contrary, there is no evidence that Kozuh was thwarted from bringing his grievances or that the grievance process was unavailable. Instead, the evidence shows that Kozuh was able to file numerous informal complaints and requests for information. Therefore, because there was a grievance process available to prisoners, and Kozuh did not avail himself of the process by following the grievance procedures, the district court properly determined that he failed to exhaust administrative remedies. Accordingly, we AFFIRM.